UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Phillip Maurice Hicks, | ) | C/A No. 8:25-cv-13989-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Berkeley County, City of Charleston, Medical | ) | |
| University of South Carolina, Duane Lewis, Tim | ) | |
| Shiner, Keshia V. White, Ernest Jarrett, Jack | ) | |
| Landis, Rita Hammond, Kelsey Gaston, Kayla | ) | |
| Owens, Heather Gilbert, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against the above-named Defendants alleging violations of his constitutional rights. Plaintiff is not presently incarcerated; however, Plaintiff's claims are related to his incarceration at what Plaintiff calls the Hill Finklea Berkeley County Correctional Jail ("HFBCJ"). Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. Having reviewed the pleadings in accordance with applicable law, the undersigned finds that this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action on December 23, 2025, by filing a 30-page typed Complaint (ECF No. 1 at 1–30) along with a Complaint on the standard form (ECF No. 1 at 31–

50).  The Court construes both documents together, comprised of 50 total pages, as the Complaint filed in this matter.

By Order dated January 12, 2026, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court.  ECF No. 10.  The Court noted, however, that Plaintiff might be able to cure the deficiencies of the Complaint and granted Plaintiff twenty-one days to file an amended complaint.  *Id*. at 31.  Plaintiff was warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.

*Id*. at 31–32 (emphasis omitted).

On January 22, 2026, Plaintiff filed a 30-page typed Amended Complaint (ECF No. 12) along with two separate standard complaint forms (ECF Nos. 12-1; 12-2).  The Court construes all three documents together, comprised of 48 total pages, as the Amended Complaint.

**Factual Allegations**

Ordinarily, an amended complaint replaces all prior complaints and should be complete in itself.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").  Out of an abundance of caution, however, the undersigned will consider

the allegations made in the original Complaint and in the Amended Complaint. The Court notes, however, that the two pleadings are nearly identical in all respects. Plaintiff names the same Defendants, asserts the same claims, and makes nearly identical allegations in both pleadings. Plaintiff has made very slight changes to certain wording and formatting in the Amended Complaint, but that document is an almost word-for-word duplicate of the original Complaint.

The Court perceives only two key differences between the two documents, although these differences are insignificant. First, paragraph number 1 on page 3 of the original Complaint is omitted from the Amended Complaint.[1] *Compare* ECF No. 1 at 3, *with* ECF No. 12 at 3. Second, in the original Complaint, Plaintiff alleged that he suffered damages and financial loss in excess of "$240,000,000; current, and prospectively on daily basis" while the Amended Complaint alleges that he suffered damages and financial loss in excess of "$150,000,000, current and continue to grow prospectively." *Compare* ECF No. 1 at 5–6, ¶ 11, *with* ECF No. 12 at 5, ¶ 11. Other than these two differences, the allegations in the Amended Complaint are a mere repeat of the allegations in the original Complaint. The Court provides only a summary of the allegations with

---

[1] That paragraph alleged as follows:

> The inmates detained in the [HFBCJ], the majority of whom have not been convicted of any crime, are subjected to inhumane conditions that pose unreasonable and substantial risks to their health. The inmates are forced to live in overcrowded conditions, amidst filth, overflowing sewage, and pervasive mold, rust, and vermin. The Fifth Circuit once noted that "No one in civilized society should be forced to live under conditions that force exposure to another person's bodily wastes." Yet night after night, the inmates confined in the HFBCJ are forced to do exactly that."

ECF No. 1 at 3, ¶ 1.

reference to both the original Complaint and the Amended Complaint, which are referenced together as the "pleadings."

Plaintiff asserts claims related to the conditions of confinement at HFBCJ. ECF Nos. 1 at 3; 12 at 3. Plaintiff alleges he was confined at HFBCJ from April 2025, following his arrest, until October 2025, when he "bailed out." ECF Nos. 1 at 5; 12 at 5. Plaintiff purports to bring claims on behalf of all inmates—past, present, and future—detained at HFBCJ. ECF Nos. 1 at 3; 12 at 3. Although Plaintiff makes sweeping allegations in the pleadings about the conditions at HFBCJ, Plaintiff fails to allege facts regarding the specific deprivations he suffered while incarcerated at HFBCJ. Plaintiff cites various news articles, studies, and anecdotal reports to support his claims (*see generally*, ECF Nos. 1; 12), but he does not present allegations based on his own experiences and treatment at HFBCJ.

The allegations in the Complaint generally assert that inmates at HFBCJ are subjected to overcrowding; squalid, unhygienic, and hazardous living conditions; chronic exposure to human waste; hazardous shower conditions; exposure to mold, rust, vermin, and lack of ventilation; and lack of access to clean drinking water and safe food. ECF Nos. 1 at 9–18; 12 at 9–18. Plaintiff contends that human trafficking and "attempted murder" are occurring at HFBCJ. ECF Nos. 1 at 18–19; 12 at 18–19. The Court will address certain specific allegations in the analysis section below and, thus, does not provide a detailed summary in this background section. The Court has, however, carefully considered all of the allegations contained in the lengthy pleadings.

Plaintiff asserts the following causes of action. For a first cause of action, Plaintiff asserts a claim for "[d]eliberate indifference to past, current, and ongoing unconstitutional conditions at Berkeley County Correctional Facilities" in violation of the Fourth Amendment. ECF No. 1 at 26; 12 at 25. For a second cause of action, Plaintiff asserts a claim for "[d]eliberate indifference to

past, current, and ongoing unconstitutional conditions at the Berkeley County Correctional Facilities" in violation of the Sixth Amendment. ECF No. 1 at 26; 12 at 26. For a third cause of action, Plaintiff asserts a claim for "[d]eliberate indifference to past, current, and ongoing unconstitutional conditions at the Berkeley County Correctional Facilities" in violation of the Eighth Amendment. ECF No. 1 at 27; 12 at 26. For a fourth cause of action, Plaintiff asserts a claim for "[d]eliberate indifference to past, current, and ongoing unconstitutional conditions at the Berkeley County Correctional Facilities" in violation of the Thirteenth Amendment. ECF No. 1 at 27; 12 at 27. For a fifth cause of action, Plaintiff asserts a claim for "[d]eliberate indifference to past, current, and ongoing unconstitutional conditions at the Berkeley County Correctional Facilities" in violation of the Fourteenth Amendment. ECF No. 1 at 27; 12 at 27. For a sixth cause of action, Plaintiff asserts a claim for "[d]eliberate indifference to past, current, and ongoing unconstitutional conditions at the Berkeley County Correctional Facilities" in violation of the due process clause of the South Carolina State Constitution. ECF No. 1 at 28; 12 at 28. For a seventh cause of action, Plaintiff asserts a claim for negligence and "ministerial negligence." ECF No. 1 at 28; 12 at 28.

Plaintiff seeks the following relief. Plaintiff requests a declaration "that subjecting the Plaintiff to the conditions described [in the pleadings] violates the Fourth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and the Due Process Clause of the South Carolina State Constitution and constitutes negligence and ministerial negligence under South Carolina State law." ECF No. 1 at 29; 12 at 29. Plaintiff seeks an injunction to enjoin Defendants "from subjecting the inmates in the HFBCJ to unsanitary, unhealthy, and unsafe conditions, human trafficking and require that a remedy be formulated . . ." ECF No. 1 at 29; 12

at 29.   Plaintiff also seeks compensatory and punitive damages for the deprivation of his constitutional rights.   ECF No. 1 at 29; 12 at 29.

The Court takes judicial notice[2] that Plaintiff has been charged with stalking at case number 2025A0810600009 in the Berkeley County Court of General Sessions, which remains pending. *See* Berkeley County Ninth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx (search by case number listed above) (last visited Jan. 23, 2026).   The Court also takes judicial notice of Plaintiff's family court proceedings in the Berkeley County Family Court at case number 2024-DR-08-00909.   *See Hammond v. Hicks*, No. 2024-DR-08-00909, available at https://portal.fccms.dss.sc.gov/#/Public AccessPersonSearch (search by case number listed above) (last visited Jan. 23, 2026).   Finally, the Court takes judicial notice of Plaintiff's other action filed in this Court at C.A. 2:26-cv-00111-RMG, making various allegations against many of the same Defendants named in the present action.

## **STANDARD OF REVIEW**

**Screening Authority and Liberal Construction**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

---

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the pleadings, the pleadings "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

7

Further, this Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint and Amended Complaint are filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and

laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

This action is subject to summary dismissal because Plaintiff is not permitted to assert claims on behalf of other inmates, certain Defendants are not persons subject to suit or are immune from suit, Plaintiff has failed to state a claim for relief that is plausible, and the Court lacks jurisdiction or should abstain from considering certain claims. The Court will address these issues in turn below.[3]

**Allegations Regarding Other Inmates**

The pleadings purport to bring claims on behalf of all inmates (past, present, and future) incarcerated at HFBCJ. *See generally*, ECF Nos. 1; 12. Indeed, the majority of the allegations in both pleadings appear to assert claims related to the experiences of other inmates or inmates in general at HFBCJ. However, Plaintiff is not permitted to assert claims on behalf of other inmates at HFBCJ.

Plaintiff, who is proceeding *pro se*, cannot represent the interests of others, or bring claims on behalf of others, in this lawsuit. *Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* litigant's right to litigate for oneself does not create a similar right to

---

[3] Because Plaintiff has been afforded an opportunity to file an Amended Complaint and has simply reasserted the same allegations against the same Defendants, the Court concludes that this action should be dismissed without further leave to amend.

litigate on behalf of others); *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (explaining a prisoner cannot act as a "knight-errant" for other prisoners); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (finding that one *pro se* inmate does not have standing to sue on behalf of another inmate). Thus, to the extent Plaintiff seeks to assert claims on behalf of other inmates, such claims are subject to summary dismissal. *See Davis v. Boome*, C/A No. 1:14-cv-00422-TLW, 2015 WL 1538318, at *3 (D.S.C. Apr. 6, 2015); *Caldwell v. Straube*, C/A No. 8:20-cv01767-MGL-JDA, 2020 WL 3549157, at *3 (D.S.C. May 28, 2020) ("to the extent Plaintiff brings this action on behalf of others, it should be dismissed based on lack of standing"), *R&R adopted by* 2020 WL 3548817 (D.S.C. June 30, 2020).

**Defendants Entitled to Dismissal**

The named Defendants are entitled to dismissal for the reasons below. To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a constitutional right or of a right conferred by a law of the United States. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

### *Berkeley County*

Berkeley County is subject to summary dismissal. Plaintiff alleges that Berkely County "operates the HFBCJ through its Sheriff's Office and allocates funds for the maintenance of the HFBCJ." ECF Nos. 1 at 6; 12 at 5–6. Plaintiff's contentions are without merit because it is well settled that "[Berkeley County] has no control over the operations or policy of the jail, it cannot be held liable for events that take place there." *Cobb v. South Carolina*, C/A No. 2:13-cv-02370-RMG, 2014 WL 4220423, at *2 (D.S.C. Aug. 25, 2014) (noting HFBCJ is under the exclusive control of the Berkely County Sheriff and Berkeley County therefore cannot be liable). Because it

10

is the Sheriff of Berkely County that operates the jail, Berkeley County is not responsible for, and has no control over, the operation of HFBCJ and is not a proper party to this action. *See, e.g.*, *Martinez v. Spartanburg Cnty. Det. Ctr.*, C/A No. 9:23-cv-01989-TMC-MHC, 2023 WL 6850242, at *3 (D.S.C. Sept. 12, 2023) (noting it is the Spartanburg County Sheriff and not Spartanburg County that operates and controls the Spartanburg County Detention Center), *R&R adopted by* 2023 WL 6846807 (D.S.C. Oct. 17, 2023); *Brewton v. Branson*, C/A No. 7:25-cv-10435-RMG-WSB, 2025 WL 3149796, at *4 (D.S.C. Sept. 17, 2025) (same), *R&R adopted by* 2025 WL 2911016 (D.S.C. Oct. 14, 2025).

Further, to the extent Plaintiff intends to assert a municipal liability claim against the County, the pleadings fail to present allegations to establish such a claim. Although Berkeley County is not an individual, it can be sued under § 1983 for violation of a federal right pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978) (finding local governments are "persons" for purposes of § 1983 liability). Municipal liability is based on the execution of a governmental policy or custom and a local government may not be held liable under § 1983 based on a *respondeat superior* theory. *Monell*, 436 U.S. at 690–91. The fact that a municipality employs an individual, and that individual violated a plaintiff's constitutional right, is alone insufficient to establish liability for the municipality. *Id.* at 691. Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Commissioners v. Brown,* 520 U.S. 397, 403 (1997).

The pleadings fail to identify a specific policy or custom of Berkeley County which caused Plaintiff's federal rights to be violated, and he therefore fails to state a claim for municipal liability. *Wambach v. Wright*, C/A No. 1:10-cv-2912-HFF-SVH, 2011 WL 1597660, at *4 (D.S.C. Feb. 7, 2011), *R&R adopted by* 2011 WL 1595171 (D.S.C. Apr. 27, 2011). Plaintiff has not alleged facts

11

establishing any official policy or custom, nor has he alleged facts showing any such official policy or custom resulted in the deprivation of his own constitutional rights. *Sage v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:23-cv-00317-TMC-JDA, 2023 WL 3794202, at *3 (D.S.C. Mar. 29, 2023) ("A municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts 'may fairly be said to represent official policy'—inflicts injury."), *R&R adopted by* 2023 WL 3791110 (D.S.C. June 2, 2023).

For these reasons, Plaintiff's allegations fail to establish a claim against the Berkeley County, and this Defendant is therefore entitled to dismissal from this action. *Boyd v. Spartanburg Cnty.*, C/A No. 7:23-cv-02478-BHH-JDA, 2023 WL 4602110, at *4 (D.S.C. June 27, 2023) (dismissing Spartanburg County and finding "[w]hen the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity" and not against the municipality), *R&R adopted by* 2023 WL 4601019 (D.S.C. July 18, 2023).

### *City of Charleston*

Plaintiff names the City of Charleston as a Defendant because it "operates its law enforcement efforts through the Charleston Police Department" ("CPD"), and CPD "on occasion enforces laws promulgated by Berkeley County." ECF Nos. 1 at 23; 12 at 23. Plaintiff asserts the City of Charleston had reason to know of the conditions at HFBCJ and "is also responsible for actions of the officers of [CPD] including but not limited to proper identification of defendants, issuance of *Miranda* Rights at upon [sic] arrest and living conditions of the HFBCJ." *Id*. Plaintiff also asserts the City of Charleston "has reason to know of the ongoing racketeering and human trafficking ongoing in Berkeley County, the HFBCJ, and its courts." *Id*.

12

Although the City of Charleston is not an individual, like a county, it may be subject to liability under *Monell*. However, Plaintiff has not alleged facts to establish a *Monell* claim. Plaintiff presents only cursory allegations against the City of Charleston and fails to identify any policy or custom that would give rise to municipal liability. Also, Plaintiff has failed to allege facts showing that the City of Charleston has any authority or control over HFBCJ or any of the individual Defendants. Instead, the Berkeley County Sheriff "is the custodian of [HFBCJ] and is responsible for its operation." *Cobb*, 2014 WL 4220423, at *7.

### Medical University of South Carolina

Plaintiff purports to bring claims against the Medical University of South Carolina ("MUSC"). ECF Nos. 1 at 23; 12 at 23. Plaintiff alleges that MUSC "is a hospital providing physical and mental care to individuals[ and] is the designated facility to evaluate the mental stability for a person to stand trial in criminal proceedings." *Id*. Plaintiff asserts that, due to MUSC's responsibilities, it "has reason to know the living conditions of the HFBCJ" and "has reason to know of the human trafficking activities of Berkeley County." *Id*.

It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons); *Green v.*

13

*Murdaugh*, C/A No. 5:12-cv-1086-RMG-KDW, 2012 WL 1987764, *2 (D.S.C. May 07, 2012), *adopted by* 2012 WL 1987259 (D.S.C. June 04, 2012) (dismissing because police department was not subject to suit under § 1983).  Courts have held that "MUSC is not a 'person' subject to suit under § 1983."  *von Fox v. Med. Univ. of S.C.*, C/A No. 2:16-cv-179-RMG-MGB, 2016 WL 8732360, at *4 (D.S.C. Feb. 12, 2016), *R&R adopted by* 2016 WL 693525 (D.S.C. Feb. 19, 2016), *appeal dismissed*, 668 F. App'x 442 (4th Cir. 2016).  Further, as an arm of the State, MUSC is protected from suit by the Eleventh Amendment.  *Id.*; *see also Doe v. Coastal Carolina Univ.*, 359 F. Supp. 3d 367, 379 (D.S.C. 2019).

### *Lewis*

Plaintiff appears to name Duane Lewis ("Lewis"), who is identified as the Berkeley County Sheriff, because of his supervisory role over the Berkeley County Sheriff's Office, which is alleged to operate HFBCJ.  ECF Nos. 1 at 23–24; 12 at 23–24.  To the extent Plaintiff bases the claims against Lewis on the theory of supervisory liability, the claims are without merit.  Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his or her individual capacity only for his or her personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983).  A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there

> was an "affirmative causal link" between the supervisor's inaction
> and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted).  Plaintiff has failed to state a § 1983 claim against Lewis based on a theory of supervisory liability because Plaintiff has failed to allege that Lewis had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff.  Plaintiff has not alleged facts identifying any constitutional injury he actually suffered or any causal link between that injury and Lewis's conduct.  For these reasons, Lewis is entitled to dismissal from this action in his supervisory capacity.  *See Oneal v. Fenner*, C/A No. 6:24-cv-6284-DCC-WSB, 2024 WL 5514974, at *3–4 (D.S.C. Dec. 5, 2024), *R&R adopted by* 2025 WL 1080932 (D.S.C. Apr. 10, 2025).

       To the extent Plaintiff intends to assert claims against Lewis in his individual capacity, Lewis is entitled to dismissal because Plaintiff makes no substantive allegations against him in the body of the pleadings.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).  In the absence of substantive allegations of personal wrongdoing against Lewis, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against him.  *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in forma pauperis claims encompasses complaints that are either

legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim).

### Shiner

Plaintiff names Tim Shiner ("Shiner") as a Defendant, who is identified as the Berkely County Chief Fire Marshall. ECF Nos. 1 at 24; 12 at 24. Plaintiff alleges that Shiner is responsible for the enforcement of fire codes covering HFBCJ. *Id*. Plaintiff asserts that Shiner "is directly responsible for the welfare of HFBCJ inmates in the event of a fire or gas poisoning." *Id*. Plaintiff contends that Shiner "knew or should have known of the visibly deplorable and unconstitutional conditions at the HFBCJ." *Id*.

Like Lewis, Shiner appears to be named based on a theory of supervisory liability. However, Plaintiff has failed to allege facts to satisfy the factors under *Shaw* noted above to establish a supervisory liability claim. Significantly, although Plaintiff alleges that Shiner is responsible for enforcement of fire codes and ensuring the safety of inmates in the event of a fire or gas poisoning, Plaintiff has not alleged facts showing any fire, gas poisoning, or other violation of the fire code that caused him any injury or harm to establish a constitutional violation. Plaintiff also has not established a "causal link" between any constitutional harm he allegedly suffered and the indifferent conduct of Shiner. Plaintiff has also not alleged facts showing that Shiner acted *personally* in the deprivation of Plaintiff's constitutional rights, and thus the Complaint fails to state a claim against Shiner for individual liability. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Accordingly, Shiner is entitled to dismissal from this action.

### White

Plaintiff names Keshia White ("White") as a Defendant, who is identified as the lead public Defender for Berkely County. ECF Nos. 1 at 25; 12 at 25. Plaintiff contends White is "responsible

16

for defending indigent inmates incarcerated at HFBCJ including Hicks" and "has reason to know of the human trafficking ongoing within Berkeley Count" and is "indirectly responsible for trial dates." *Id*.

White is entitled to summary dismissal because she is not a state actor. *See Steele v. Bodiford*, C/A No. 6:25-cv-0128-DCC-WSB, 2025 WL 1019429, at *6 (D.S.C. Feb. 13, 2025), *R&R adopted by* 2025 WL 1014754 (D.S.C. Apr. 4, 2025). To state a § 1983 claim, Plaintiff must allege that he was deprived of a constitutional right by a person acting under the color of state law. *Dowe*, 145 F.3d at 658. White is alleged to be the lead public defender responsible for defending Plaintiff in the underlying state court criminal proceedings. However, Plaintiff has not alleged facts showing that White is a state actor acting under color of law. *Martin v. Brackett*, C/A No. 9:09-cv-792-RBH, 2009 WL 3836123, at *1 (D.S.C. Nov. 13, 2009) ("Attorneys for criminal defendants generally do not act under color of state law when performing traditional functions as counsel."). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317 (1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for lack of state action). Plaintiff has not presented allegations to plausibly show that White exceeded the "traditional functions as counsel."[4] *Polk Cnty.*, 454 U.S. at 325, 102 S.Ct.

---

[4] Courts have consistently noted that claims for ineffective assistance of counsel do not rise to the level of a constitutional violation to support a claim under § 1983. *Hinton v. Bangs*, C/A No. 1:08-cv-628-JCC-TRJ, 2008 WL 8889883, at *2 (E.D. Va. June 24, 2008) (allegation of "ineffective assistance does not state a claim for which relief can be granted in a § 1983 suit because a public defender performing a lawyer's traditional functions as counsel to a defendant during criminal proceedings does not act under color of state law and, therefore, is not subject to civil liability under 42 U.S.C. § 1983"); *Wagner v. Obama*, C/A No. 3:13-cv-00708-GRA, 2013 WL 2370526, at *6 (D.S.C. May 29, 2013) ("an attorney, whether retained, court appointed, or a

445; *see also Trexler v. Giese*, C/A No. 3:09-cv-144-CMC-PJG, 2010 WL 104599, at *3 (D.S.C. Jan. 7, 2010) (finding attorney was entitled to summary dismissal in § 1983 action where attorney's representation in the state criminal case fell "squarely within the parameters of his legal representation" although the plaintiff was unhappy with the manner in which the attorney represented her). Accordingly, Plaintiff's claims against White are not proper in this § 1983 action, and White is entitled to dismissal.[5] *See Curry v. South Carolina*, 518 F. Supp. 2d 661, 667 (D.S.C. 2007) (explaining public defenders are not state actors under § 1983 and thus entitled to dismissal).

### *Jarrett*

Plaintiff names Ernest Jarrett ("Jarrett"), who is identified as a family court judge. ECF Nos. 1 at 25, 34; 12 at 25. Plaintiff alleges that Jarrett "assigned 'possession' of Hicks' home to an unmarried third-party." ECF Nos. 1 at 25; 12 at 25. According to Plaintiff, Jarrett is not entitled to immunity because he is "a judge in the third circuit, not the ninth circuit which is Berkeley County" and because only masters in equity have authority to assign property. *Id*.

Contrary to Plaintiff's assertions, Jarrett is immune from suit. Judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond

---

public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983"), *aff'd*, 548 F. App'x 86 (4th Cir. 2013).

[5] To the extent Plaintiff is asserting a claim for malpractice, claims of attorney negligence and legal malpractice are not cognizable in an action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Additionally, § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200–03 (1989). Thus, any claim for legal malpractice fails as a matter of law.

dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)).  Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith.  *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted).

Plaintiff fails to present facts to show that Jarrett acted in the absence of all jurisdiction. Plaintiff must plead facts, not merely recite legal conclusions, "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570 (2007); *see, e.g.*, *Lemon v. Hong*, C/A No. ELH-cv-16-979, 2016 WL 2347976, at *3 (D. Md. May 3, 2016) (finding the plaintiff's claim that a judge acted in clear absence of all jurisdiction was unsupported by facts to establish a claim that was plausible to overcome judicial immunity), *aff'd*, 671 F. App'x 79 (4th Cir. 2016); *Emiabata v. Warren*, C/A No. 5:24-cv-245-FL, 2024 WL 3843053, at *2 (E.D.N.C. July 2, 2024) (finding judicial immunity applied to bar claims against a judge and discussing whether the allegations presented were sufficient to establish the judge "acted without subject matter jurisdiction" and concluding the allegations failed to rise to the level of plausible), *R&R adopted by* 2024 WL 4886462 (E.D.N.C. Nov. 25, 2024), *aff'd*, No. 25-1059, 2025 WL 1683452 (4th Cir. June 16, 2025); *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 550 (E.D.N.C. 2013) (finding judicial immunity applied, even though "Plaintiff vehemently argues that these state court judges acted in the complete absence of jurisdiction," because Plaintiff failed to present allegations that the judges' actions were performed in the clear absence of all jurisdiction).

Plaintiff's contention that Jarrett lacked authority to assign property in the family court proceedings is without merit because South Carolina law provides that "the family court has 'exclusive jurisdiction' to settle all legal and equitable rights regarding marital property." *Seels v. Smalls*, 437 S.C. 167, 181, 877 S.E.2d 351, 358 (2022) ("[T]he family court is in the best position to decide issues affecting marital property in light of the long-standing, detailed statutory procedures governing the family court's exercise of exclusive jurisdiction over this subject matter."). Plaintiff's argument that Jarrett lacked jurisdiction over a Berkeley County case because he is a judge in the Third Judicial Circuit is without merit because the South Carolina family court is part of a unified judicial system, and South Carolina judges have statewide jurisdiction. *See Lewis v. Lewis*, 392 S.C. 381, 387, 709 S.E.2d 650, 653 (2011). Plaintiff has failed to allege facts to plausibly show that Jarrett acted in the absence of all jurisdiction.

Because Plaintiff's factual allegations against Jarrett relate to his judicial actions in assigning property, he is entitled to absolute immunity. *Reaves v. Rhodes*, C/A No. 4:10-cv-3234-TLW-TER, 2011 WL 2728405, at *6 (D.S.C. May 19, 2011) ("As South Carolina Family Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from claims for damages arising out of their judicial actions."), *R&R adopted by* 2011 WL 2731359 (D.S.C. July 12, 2011). Accordingly, Jarrett is subject to dismissal on the basis of judicial immunity.

### Landis, Hammond, Gaston, Owens, and Gilbert

Plaintiff names as Defendants the following individuals: Jack Landis ("Landis"), who is identified as an attorney guardian ad litem and appears to have been involved in the underlying family court litigation; Rita Hammond ("Hammond"), who is identified as an "Accountant" and appears to be Plaintiff's ex-wife and/or the mother of their shared child; Kelly Gaston ("Gaston"),

20

who is identified as a "Real Estate Agent"; Kayla Owens ("Owens"), who is identified as a family court attorney and appears to have represented Hammond in the underlying family court proceedings; and Heather Gilbert ("Gilbert"), who is identified as an attorney.  ECF Nos. 1 at 34–36; 12 at 25.

These Defendants are subject to dismissal because Plaintiff has not alleged facts showing that they were acting under color of law.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citations and internal quotation marks omitted).  Hammond, who is only identified as an accountant and is the mother of Plaintiff's child is not a state actor and, therefore, Plaintiff has no § 1983 claim against her.  *See Kebort v. Stiehl*, C/A No. 5:17-cv-00418-D, 2018 WL 2927762, at *3 (E.D.N.C. May 17, 2018) (dismissing the plaintiff's § 1983 claim against ex-husband finding he was not a state actor), *R&R adopted by* 2018 WL 2905732 (E.D.N.C. June 11, 2018).  Gaston, who is identified as a real estate agent, is also not alleged to have been a state actor.  Landis, Owens, and Gilbert are all identified as attorneys who appear to have been involved in the family court proceedings.  Plaintiff does not allege facts showing that any of these attorneys were acting under color of state law.  "Private lawyers do not act 'under color of state law' merely by making use of the state's court system." *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994).  "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).  A lawyer's "representation of [Plaintiff's ex-wife] in state court, alone, does not supply the 'under color of law' requirement for a Section 1983 claim." *Dalenko v. Aldridge*, C/A No. 5:09-cv-117-F, 2009 WL 4499130, at *5 (E.D.N.C. Dec. 3, 2009).  Because private attorneys do not act under color of state law, each of these Defendants are

entitled to dismissal. *See Summers v. Campbell*, C/A No. 5:23-cv-188-MOC, 2024 WL 1200317, at \*2 (W.D.N.C. Mar. 20, 2024) ("Plaintiff purports to assert a claim against Defendant Davis, an attorney, but he makes no factual allegations to support the contention that this Defendant was acting under the color of state law."); *Allen v. Brown*, C/A No. 5:22-cv-00179-BO, 2022 WL 3225088, at \*2 (E.D.N.C. June 7, 2022) ("Private attorneys and law firms are not engaged in state action for purposes § 1983 by participating in legal proceedings."), *R&R adopted by* 2022 WL 3222001 (E.D.N.C. Aug. 9, 2022). Landis is also entitled to immunity as a guardian ad litem. *See Robinson v. Seay*, C/A No. 6:24-cv-02136-HMH-KFM, 2024 WL 2963812, at \*2 (D.S.C. May 20, 2024), *R&R adopted by* 2024 WL 2962831 (D.S.C. June 12, 2024); *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994); *see Grant v. S.C. Dep't of Soc. Servs.*, C/A No. 2:18-cv-01804-RMG-BM, 2019 WL 2093861, at \*5 (D.S.C. Feb. 14, 2019) (finding that a guardian ad litem is not a state actor subject to suit under § 1983). Because Plaintiff has not alleged facts showing these Defendants were acting under color of law or whose conduct could be fairly attributable to the state, they are subject to dismissal because they cannot be sued under § 1983.

**Failure to State a Claim**

Plaintiff paints a bleak picture of the conditions at HFBCJ. However, Plaintiff fails to allege facts showing that he was personally subjected to those unconstitutional conditions of confinement. Indeed, Plaintiff's pleadings allege both too little (as to his own personal deprivations) and too much (as to the verbose allegations that are not germane to Plaintiff's own claims).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court must liberally construe the *pro se* complaint, a plaintiff must do more than make conclusory statements to state a claim for relief.

22

*See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

### Rule 8 Pleading Requirements

Plaintiff's rambling pleadings both fail to comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Sims v. Tinney*, 482 F. Supp. 794, 795 (D.S.C. 1977), *aff'd*, 615 F.2d 1358 (4th Cir. 1979) ("The complaint in this case is rambling and verbose, and in violation of Rule 8 of the Rules of Civil Procedure."). Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(d)(1) mandates that "[e]ach allegation must be simple, concise, and direct." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted); *see also Lagana v. Shearin*, C/A No. PJM-cv-14-970, 2014 WL 11996364, at *1 (D. Md. Apr. 2, 2014) ("[A] pleading must give the court and Defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citations omitted). And, although the Court must liberally construe the filings of pro se litigants, *see Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir.

23

2002), "there are limits to which the court may go in dealing with such filings." *Gardner v. Easley*, C/A No. 5:07-CT-3104-D, 2007 WL 9728762, at *1 (E.D.N.C. Dec. 27, 2007); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits.")).

Plaintiff has exceeded those limits and has failed to comply with Rule 8 as the pleadings are comprised of rambling, disjointed allegations and contains numerous frivolous claims. *See, e.g.*, *Boulineau v. Horry Cnty. Council*, C/A No. 4:17-cv-00394-RBH, 2018 WL 826723, at *1 (D.S.C. Feb. 12, 2018). To the extent Plaintiff has asserted viable claims in the pleadings, they are "interspersed through [dozens] of pages of extraneous, irrelevant and repetitive material." *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (finding that, although the *pro se* complaint contained potentially viable claims, the court should dismiss the action under Rule 8 because the voluminous, repetitive, and conclusory allegations were not a "short and plain statement" of the facts and legal claims and that such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Adams v. Elrich*, C/A No. 20-cv-1988, 2021 WL 1424058, at *1 (4th Cir. Apr. 15, 2021). "[A] court is not obliged to ferret through a complaint, searching for viable claims." *Consider v. Medicare*, C/A No. 3:09-cv-00049, 2009 WL 9052195, at *1 n.1 (W.D. Va. Aug. 3, 2009), *aff'd*, 373 F. App'x 341 (4th Cir. 2010). Plaintiff's pleadings are "not a 'short and plain statement,' nor is it 'concise and direct,' and the convoluted and redundant narratives and far-fetched legal conclusions render the complaint nearly incomprehensible." *Fauber v. Commw.*, C/A No. 3:10-cv-00059, 2010 WL 4961743, at *2 (W.D. Va. Nov. 30, 2010). As such, the pleadings are subject to dismissal for failing to comply with

Rule 8. *Bessellieu v. Bone*, C/A No. 8:21-cv-01067-MGL-JDA, 2021 WL 2690128, at *8 (D.S.C. June 3, 2021), *R&R adopted by* 2021 WL 2688871 (D.S.C. June 30, 2021); *Kitchings v. Integral Consulting Servs., Inc.*, C/A No. PWG-19-cv-3374, 2021 WL 3418838, at *2 (D. Md. Aug. 5, 2021) (explaining, "[w]hen a complaint fails to comply with Rule 8, it may be dismissed and collecting cases dismissing "complaints for failing to comply with Rule 8 where the complaints included unrelated charges, and were confusing, redundant, and verbose").

As to many of the purported claims asserted, Plaintiff makes sweeping allegations that do not appear to be based on any facts or specific circumstances involving Plaintiff or any specific Defendant. *See Brown v. Barnes*, C/A No. 8:22-cv-00550-DCN-JDA, 2022 WL 18956667, at *7 (D.S.C. June 10, 2022), *R&R adopted by* 2023 WL 2211089 (D.S.C. Feb. 24, 2023). Indeed, the pleadings use a "shotgun pleading" approach. A pleading that "fails to articulate claims with sufficient clarity to allow the defendant[s] to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief" constitutes a "shotgun pleading." *SunTrust Mortgage, Inc. v. First Residential Mortg. Servs. Corp.*, C/A No. 3:12-cv-162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012); *see also Turton v. Va. Dep't of Educ.*, C/A No. 3:14-cv-446, 2014 WL 12539403, at *2 (E.D. Va. Sept. 23, 2014) ("[The] Complaint is the quintessential 'shotgun pleading' that . . . is presented in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which defendants and on what legal basis the respective claims are founded."). The Federal Rules of Civil Procedure simply require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has failed to follow these simple guidelines, and the pleadings simultaneously say too much and too little. *Renzi v. Naphcare, Inc.*, C/A No. 1:24-cv-211, 2025 WL 448007, at *2 (M.D.N.C. Feb. 10, 2025). "Plaintiff's Complaint throws

the proverbial 'kitchen sink' at the Defendants, setting forth a litany of general complaints he has about the conditions under which he is held at the Detention Center." *Crouchman v. Pickens Cnty. Council*, C/A No. 9:16-cv-0804-CMC-BM, 2017 WL 767185, at *11 (D.S.C. Feb. 3, 2017), *R&R adopted by* 2017 WL 749393 (D.S.C. Feb. 27, 2017).

### *Insufficient Allegations of Personal Involvement*

Further, Plaintiff has not identified any specific individuals personally responsible for any purported constitutional violations as to Plaintiff's claims arising from the alleged conditions at HFBCJ. Nearly all the Defendants named in the pleadings do not appear to have any actual involvement with the day-to-day operations of HFBCJ. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant). A "[p]laintiff's general allegation that unspecified defendants and/or an entire 'department' violated his rights is conclusory and does not adequately state a § 1983 claim." *Breyan v. Mental Health*, C/A No. 2:17-cv-665, 2017 WL 1380647, at *2 (D.S.C. Mar. 24, 2017) (summarily dismissing claims against "mental health" or "medical staff" and holding that the plaintiff "must identify the person

26

or persons who purportedly violated his rights."); *Roberson v. Thomas*, C/A No. 2:11-cv-3114, 2012 WL 786275, at *2 (D.S.C. Feb. 16, 2012) (dismissing claims against a collection of "defendants").  Because Plaintiff has failed to identify the persons individually responsible for the alleged violations of Plaintiff's rights while he himself was detained at HFBCJ, his claims are subject to dismissal.  *Alexander v. Collins*, C/A No. 7:19-cv-00261, 2021 WL 1541033, at *6 (W.D. Va. Apr. 20, 2021).  As explained above, Plaintiff has not presented specific allegations showing that any Defendant was individually involved in the deprivation of Plaintiff's rights.

### *Alleged Conduct Toward Other Inmates*

The crux of the Complaint is that the conditions as a whole at HFBCJ are unconstitutional and lodges numerous complaints about conduct directed at other inmates or inmates in general. *See generally*, ECF Nos. 1; 12.  As noted, Plaintiff cannot assert claims on behalf of other inmates. *See Sirleaf v. Northam*, C/A No. 3:19-cv-182, 2019 WL 4247824, at *4 (E.D. Va. Sept. 6, 2019). "A *pro se* litigant lacks standing to bring suit on behalf of others."  *Kopp v. Ziolkowski*, C/A No. 5:22-cv-00391, 2025 WL 451693, at *3 (S.D.W. Va. Jan. 7, 2025), *R&R adopted by* 2025 WL 451691 (S.D.W. Va. Feb. 10, 2025).  To the extent Plaintiff seeks to bring any claim on behalf of other inmates, such claims are subject to dismissal, and Plaintiff's claims must be limited to his own personal alleged constitutional violations.  *Elmore v. Herring*, C/A No. 5:13-CT-3107-FL, 2015 WL 5714888, at *4 (E.D.N.C. Sept. 29, 2015).

### *Lack of Factual Information*

As to any potentially viable claims pertaining to Plaintiff's own treatment while incarcerated at HFBCJ and the actual conditions of his confinement, Plaintiff's allegations are insufficient to state a claim for relief.  Among the hodgepodge of claims for relief, Plaintiff alleges that he "suffered a seizure from a serious health condition discovered in 2023 which left his

27

sternum weak and his heart vulnerable." ECF Nos. 1 at 19; 12 at 19. The seriousness of such a claim is not lost on the Court. However, Plaintiff's allegations concerning this particular issue, with little to no factual averments to support a claim for relief, are insufficient at this stage of review. Plaintiff does not explain any individual responsible, when such events occurred, or any other factual background regarding his medical issue or the denial of care and treatment. Plaintiff does not identify any corrections officer or medical staff member that is alleged to have denied him treatment or caused his seizure episode. In the absence of such factual allegations, Plaintiff's assertions fail to establish a claim that is plausible.

Additionally, Plaintiff lodges numerous complaints about the general conditions at HSBCJ. However, while Plaintiff undoubtedly did not like being detained, the fact remains that during the time period set forth in the pleadings he was a prisoner in a county jail, and it should be expected that the conditions in such a setting are often times less than ideal. *See, e.g., Best v. Sommers*, C/A No. 1:23-cv-5539-MGL-SVH, 2023 WL 8437760, at *3 (D.S.C. Dec. 5, 2023) (finding allegations similar to Plaintiff's insufficient to state a claim of a constitutional magnitude). Plaintiff must allege more than mere conclusory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'") (quoting *Iqbal*, 556 U.S. at 678).

Having reviewed the allegations set forth in the pleadings, the Court finds that Plaintiff has failed to present sufficient factual allegations to establish a cognizable federal law claim. As such, Plaintiff's § 1983 claims are subject to dismissal.

**No Jurisdiction Over State Law Claims**

Plaintiff purports to bring claims against various Defendants for negligence arising under state law. ECF Nos. 1 at 28; 12 at 28. Plaintiff's state law claims could be heard by this Court through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims, if Plaintiff presented a colorable federal question claim. Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Supreme Court has warned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f the federal claims are dismissed before trial . . . the state law claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). As noted above, Plaintiff has failed to state a federal law claim under § 1983. And Plaintiff's allegations concerning his state law claims present solely state law questions. Accordingly, the Court should decline to exercise supplemental jurisdiction over any state law claims presented against Defendants.

In the absence of supplemental jurisdiction, any state law claim also would be subject to summary dismissal because the Court would lack subject matter jurisdiction over it. In the absence of a federal question claim, the Court could only exercise jurisdiction over Plaintiff's state law claims if the Complaint satisfied the requirements for diversity jurisdiction. This Court does not have diversity jurisdiction because the Complaint does not allege the required complete diversity

of citizenship of the parties.  *See* 28 U.S.C. § 1332.  Plaintiff and all Defendants are citizens of South Carolina, thereby defeating diversity.  Thus, the Court does not have original subject matter jurisdiction over Plaintiff's state law claims and also should decline to exercise supplemental jurisdiction in the absence of a plausible federal question claim.

### *Younger* Abstention Doctrine

Certain of Plaintiff's claims are not properly before this Court under the *Younger* abstention doctrine to the extent Plaintiff is involved in any ongoing state court litigation and seeks this Court's intervention in those proceedings.  For example, Plaintiff alleges that Defendants Jarrett, Landis, Hammond, Gaston, Owens, and Gilbert "conspired to commit fraud in the form of a fraudulent conveyance of property" whose "actions collectively lead to the false arrest of [Plaintiff] subjecting him to the conditions of the HFBCJ described [in the Complaint]."  ECF Nos. 1 at 25; 12 at 25.  It is unclear whether this allegation is an attempt to challenge his arrest, any incarceration, or pending charges in the state courts.  Plaintiff also alleges that Jarrett, as a sitting family court judge, "assigned 'possession' of [Plaintiff's] home to an unmarried third-party."  *Id.*  Again, it is unclear whether Plaintiff is attempting to challenge any family court proceedings.  To the extent Plaintiff is attempting to challenge any state court proceedings, this Court should abstain.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The Supreme Court has since made clear, however, that the *Younger* abstention doctrine also applies "to noncriminal judicial proceedings when important state interests are involved." *See Harper v. Pub. Serv. Comm'n of W. VA.*, 396 F.3d 348, 351 (4th Cir. 2005) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Specifically, the *Younger* Court

noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–44.  From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the first criterion is met because Plaintiff appears to be involved in pending state court proceedings in the court of general sessions and/or family court.  *Gerard v. George*, C/A No. 7:25-cv-4276-DCC-WSB, 2025 WL 2164754, at *14 (D.S.C. May 30, 2025), *R&R adopted by* 2025 WL 2164820 (D.S.C. July 30, 2025).  The second criterion is also met, because state court criminal matters and family court proceedings implicate important state interests.  *See Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("'family relations [are] a traditional area of state concern'") (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)).  The third criterion is satisfied because Plaintiff can address many of his claims in the pending proceedings before the South Carolina state courts.  Because this case meets all three criteria for abstention under *Younger*, this Court should abstain from considering Plaintiff's claims related to any pending state court matters.

***Rooker-Feldman* Doctrine**[6]

The Court also should not entertain Plaintiff's claims related to the disposition of the property he complains of based upon the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* Doctrine is jurisdictional and may be raised by the Court *sua sponte. Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) ("A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" (citations omitted)). "[T]he *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

Plaintiff appears to challenge certain rulings made by the family court. ECF Nos. 1 at 25; 12 at 25. Thus, Plaintiff may be asking this Court to reconsider or interfere with the execution of the state family court's judgment.

The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues; instead, only the United States Supreme Court may review those state-court decisions. *See Feldman*, 460 U.S. at 476–82 (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under 28 U.S.C. § 1257); *see also Dukes v. Stone*, C/A No. 3:08-cv-505-PMD-JRM, 2009 WL 398079,

---

[6] The *Rooker-Feldman* Doctrine derives its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). The *Rooker-Feldman* Doctrine applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 892–93 & nn.3–4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (providing that a federal court must accord full faith and credit to a state court judgment); *Robart Wood & Wire Prods. Corp. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986). Because Plaintiff appears to be seeking an order from this Court interfering with or vacating the judgment entered in and related to the state family court proceedings, the present action is subject to summary dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine as to those claims. *See, e.g.*, *Kelley v. Saleeby*, C/A No. 4:08-cv-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. Aug. 21, 2008), *aff'd by* 302 F. Appx 218 (4th Cir. 2008) ("The proceedings and rulings made in the Darlington County Family Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case"); *Banks v. S.C.*, C/A No. 9:10-cv-785-CMC-BM, 2010 WL 2365352, at *5 (D.S.C. May 6, 2010), *R&R adopted by* 2010 WL 2365417 (D.S.C. May 28, 2010) (finding the *Rooker-Feldman* Doctrine bars claims that a plaintiff was injured as the result of state family court decisions made in a child support enforcement action); *S.C. Dep't of Soc. Servs. v. Obregon-Mejia*, C/A No. 8:17-cv-2659-TMC-JDA, 2018 WL 627892, at *8 (D.S.C. Jan. 10, 2018), *R&R adopted by* 2018 WL 625007 (D.S.C. Jan. 30, 2018) (finding the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine where a plaintiff challenged a state family court order terminating the plaintiff's parental rights); *Saylor-Marchant v. ACS*, C/A No. 2:15-cv-3749-DCN-MGB, 2015 WL 7871230, at *3 (D.S.C. Nov. 4, 2015), *R&R adopted by* 2015 WL 7854233 (D.S.C. Dec. 3, 2015) (applying the *Rooker-Feldman* Doctrine to bar a case challenging state family court custody proceedings); *Allen*

*v. Dep't of Soc. Servs.*, C/A No. 2:10-cv-2162-DCN-RSC, 2010 WL 3655566, at *5 (D.S.C. Aug. 31, 2010), *R&R adopted by* 2010 WL 3655564 (D.S.C. Sept. 20, 2010) (explaining that a plaintiff's allegations, which included that the family court proceeding was an injustice and an abuse of power, was an improper attempt to have the federal court review state family court proceedings, which "is precisely the type of claim that the *Rooker-Feldman* doctrine precludes").

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915 without further leave to amend[7] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown_____
United States Magistrate Judge

January 23, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[7] As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct the pleading deficiencies of the original Complaint, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).