IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Phillip Maurice Hicks,<br><br>　　　　Plaintiff,<br>　v.<br><br>Berkeley County, *et al*.<br><br>　　　　Defendants. | Case No. 8:25-cv-13989-RMG<br><br><br>**ORDER** |

　　　This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this action be summarily dismissed without issuance and service of process and without leave to amend. (Dkt. No. 16). Plaintiff filed objections to the R&R. (Dkt. No. 18). The matter has been fully briefed and is ripe for disposition.

**I.　Background**

　　　Plaintiff, acting pro se, sued a wide range of governmental entities and individuals under 42 U.S.C. §1983 for alleged deliberate indifference regarding alleged unconstitutional conditions of confinement at the Hill Finklea Detention Center in Berkeley County, South Carolina (hereafter "Detention Center"). This is a second suit brought by Plaintiff arising out of a highly contested Berkeley County Family Court proceeding and Plaintiff's criminal prosecution for stalking, which led to Plaintiff's detention at the Detention Center from April through October 2025. The Court recently dismissed a suit brought by Plaintiff which attempted to collaterally attack the decisions and judgments of the Berkeley County Family Court and his criminal prosecution in Berkeley County for stalking. *Hicks v. Berkeley County, et. al.* (C.A. No. 2:26-111, Dkt. No. 19). Although this present action is asserted as a conditions of confinement case, Plaintiff included as defendants

1

various individuals involved in his Family Court proceedings, including the judge who presided over his Family Court case.

Plaintiff's complaint alleges five separate deliberate indifference claims arising under the Fourth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment and two state law-based claims. (Dkt. No. 12 at ¶¶ 124-133). Plaintiff asserts claims on his behalf and on behalf of all who have been detained at the Detention Center. (*Id.*). Plaintiff has named as defendants Berkeley County, City of Charleston, Medical University of South Carolina, Berkeley County Sheriff Duane Lewis, Berkeley County Fire Marshall Tim Shiner, Berkeley County Public Defender Keshia White, and six individuals involved in some way with his Family Court proceeding (Defendants Jarrett, Landis, Hammond, Gaston, Owens, and Gilbert)[1]. Plaintiff seeks actual and punitive damages related to his conditions of confinement case, an injunction against Defendants from subjecting inmates at the Detention Center to "unsanitary, unhealthy, and unsafe conditions," and retention of court jurisdiction until "the unlawful conditions, practices, policies, and acts and omissions . . . no longer exist." (*Id*. at 29).

In a detailed and well-reasoned R & R, the Magistrate Judge recommended the summary dismissal of all claims on the following basis: (1) dismissal of all claims on behalf of other inmates because a pro se plaintiff cannot represents others; (2) dismissal of the claims against Berkeley

---

[1] Defendant Ernest Jarrett is a South Carolina Family Court judge and presided over Plaintiff's Family Court case. Defendant Jack Landis was a guardian ad litem in Plaintiff's family court proceeding. Defendant Rita Hammond is apparently Plaintiff's ex-wife and mother of his children. Defendant Kelly Gaston was a real estate agent apparently involved with the sale of property addressed in the Family Court order. Defendant Kayla Owens appears to have represented Plaintiff's ex-wife in the Family Court proceeding. Defendant Heather Gilbert is an attorney. (Dkt. No. 16 at 20-21).

2

County because the Sheriff is legally responsible for the operation of the Detention Center; (3) dismissal of the claims against the City of Charleston because there is no plausible claim; (4) dismissal of claims against the Medical University of South Carolina under the Eleventh Amendment; (5) dismissal of the claims against Sheriff Duane Lewis and Fire Marshall Tim Shiner because there are no plausible claims alleged for supervisory liability or deliberate indifference; (6) dismissal of the claims against Berkeley County Public Defender Keshia White because public defenders do not act under color of state law and are, thus, not liable under § 1983; (7) dismissal of all claims against Family Court Judge Ernest Jarrett on the basis of judicial immunity; (8) dismissal of all claims against Defendants Landis, Hammond, Gaston, Owens, and Gilbert because they were not acting in the Family Court proceeding under color of state law; (9) the complaint is "comprised of rambling, disjointed, allegations" and "contains numerous frivolous claims," making "sweeping allegations that do not appear to be based on any facts or specific circumstances involving Plaintiff or any specific Defendant"; (10) the complaint fails to identify "any specific individuals personally responsible for any purported constitutional violations"; and (11) certain allegations are subject to dismissal under the *Younger* Abstention Doctrine and the *Rooker Feldman* Doctrine. (Dkt. No. 16 at 9-33). The Magistrate Judge further recommends that the Court decline to exercise supplemental jurisdiction over the state law claims and the action be dismissed without further leave to amend and without issuance and service of process. (*Id*. at 34).

Plaintiff filed the following objections to the R&R of the Magistrate Judge: (1) the Magistrate Judge improperly made findings of fact and weighed evidence in recommending summary dismissal; (2) Plaintiff has standing to assert claims of personal injury; (3) the Magistrate Judge misapplied *Monell* in denying municipal liability for Berkeley County and Berkeley County cannot avoid liability on the basis that the Sheriff operates the Detention Center; (4) the Magistrate

3

Judge applied the improper legal standard for dismissing Plaintiff's Fourteenth Amendment claim; (5) dismissal of the claims against Sheriff Lewis and Fire Marshall Shiner was premature; (6) dismissal of claims against the public defender and Family Court judge was overbroad; (7) dismissal of Plaintiff's claims of human trafficking and attempted murder was done without proper analysis; and (8) failure to grant another leave to amend was legal error. (Dkt. No. 18). Each of these objections is addressed below.

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor

4

can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

III. **Discussion**

1. <u>Plaintiff's objection that that the Magistrate Judge engaged in fact finding and weighed evidence in the summary review of the complaint</u>.

Plaintiff contends that the Magistrate Judge engaged in fact finding and weighed the facts during summary review of the complaint. A review of the R & R clearly indicates that this is not correct. To the contrary, the Magistrate Judge systematically addressed the legal deficiencies of each of Plaintiff's claims without fact finding or weighing the evidence.

The Court overrules this objection.

2. <u>Plaintiff's objection that his claims were erroneously dismissed for lack of standing</u>.

Plaintiff contends that his individual claims were wrongly dismissed for lack of standing because he asserted claims on behalf of himself and other inmates. (Dkt. No. 18 at 2). Plaintiff is mistaken. Plaintiff clearly had no standing to assert claims on behalf of other inmates. Plaintiff's individual claims were recommended for dismissal, not because of a lack of standing, but because of the failure to assert claims upon which relief could be granted.

The Court overrules this objection.

3. <u>Plaintiff's objection regarding the dismissal of Berkeley County</u>.

Plaintiff argues that a *Monell* claim can be asserted against Berkeley County for alleged "longstanding neglect" of the conditions at the Detention Center. Plaintiff further argues that the County may be liable even if the Sheriff operates the jail. (Dkt. No. 18 at 3).

South Carolina law provides that "the sheriff shall have custody of the jail in his county." S.C. Code Ann. § 24-5-10. Based upon this statute, this Court held in *Cobb v. South Carolina*,

5

2014 WL 4220423, at *7 (D.S.C. Aug. 25, 2014) that Berkeley County and the Berkeley County Council had no liability for claims arising out of the Detention Center because it was under the control of the sheriff. This is clearly the law of this Circuit. *See, e.g., Bell v. Dobey*, 2009 WL 1010482, at *3 (D.S.C. April 14, 2009) (the county detention center is the under the control of the sheriff and is not under the control of the county or county council); *Patel by Patel v. McIntyre*, 667 F. Supp. 1131, 1146 n.26 (D.S.C. 1987), ("[T]he sheriff and the county are distinct and separate entities in South Carolina and the sheriff's actions or failures to act do not give rise to a section 1983 action against the county."); *see also Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999) (applying a similar Virginia statute, the Fourth Circuit held that a county had no liability for incidents at the county detention center because it had no control over the facility).

The Magistrate Judge correctly recommended the dismissal of the claims against Berkeley County because under South Carolina law the sheriff is responsible for the operation of the jail. (Dkt. No. 16 at 10-12).

The Court overrules this objection.

4. <u>Plaintiff alleges the Magistrate Judge applied the wrong legal standard for a claim asserted by a pretrial detainee</u>.

A plausible Fourteenth Amendment claim for deliberate indifference to a medical need asserted by a pretrial detainee must plead the following: (1) the detainee had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly or recklessly acted or failed to act to appropriately address the risk that the condition imposed; (3) the defendant knew or should have known (a) that the detainee had a condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed. *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). Where a defendant

does not have actual knowledge of a pretrial detainee's excessive risk of harm, a plaintiff must at least show that the defendant's action or inaction was "objectively unreasonable, that is the plaintiff must show that the defendant should have known of that condition and that risk and acted accordingly." *Id.*

Applying the *Short* standard to Plaintiff's claims, it is clear that Plaintiff fails to state a deliberate indifference claim. To assert a plausible deliberate indifference claim as a pretrial detainee, Plaintiff must show that he had a medical condition that posed "a substantial risk of serious harm" and the defendant "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed." Plaintiff alleges that as a consequence of conditions at the Detention Center, he suffered "emotional illnesses, skin conditions, respiratory infections, fungal infections, nose bleeds, headaches, blurred vision, and dizziness." (Dkt. No. 12 at 5).

Plaintiff fails to plead that any Defendant knew or should have known of his skin conditions, headaches, nose bleeds or other alleged injuries and "intentionally, knowingly, or recklessly acted or failed to act" to address any risk. Indeed, the complaint provides no factual basis upon which the Defendants knew or should have known of Plaintiff's medical ailments. Establishing a deliberate indifference case is more demanding than a negligence claim. The gravamen of the claim is that the defendant knew or should have known of the claim and knowingly or recklessly failed to act. The complaint fails to allege facts to support a claim that Defendants' failure to respond to Plaintiff's alleged injuries was in any way "objectively unreasonable."

The Court overrules this objection.

5.  <u>Plaintiff's objection to the dismissal of the claims against Sheriff Lewis</u>

<u>and Fire Marshall Shiner</u>.

Plaintiff objects to the dismissal of the claim of supervisory liability asserted against Sheriff Lewis, arguing the claim was "adequately pleaded." (Dkt. No. 18 at 4). The Magistrate Judge recommended the summary dismissal of this claim because "Plaintiff failed to allege that Lewis had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff." (Dkt. No. 16 at 15).

A claim of supervisory liability must include an allegation that the supervisor knew or should have known of a subordinate's conduct that posed a "pervasive and unreasonable risk of constitutional injury to citizens like plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The complaint fails to identify any subordinate of Sheriff Lewis or any specific conduct of a subordinate that would give rise to a plausible supervisory liability claim. The Magistrate Judge was correct in recommending the dismissal of a supervisory liability claim against Sheriff Lewis. (Dkt. No. 16 at 14-15).

Plaintiff objects to the dismissal of the claims against Fire Marshall Shiner. In his complaint, Plaintiff alleged that the Fire Marshall was responsible "for the welfare of [Detention Center] inmates in the event of a fire or gas poisoning." (Dkt. No. 12 at ¶ 118). No allegation is made that any fire or gas poisoning occurred. Plaintiff nevertheless argues in his objections that "a plaintiff need not wait for death or a fire to occur" to state a cause of action because "exposure to substantial risk is actionable." (Dkt. No. 18 at 5)

Plaintiff's claims against all Defendants, including Fire Marshall Shiner, are based on alleged deliberate indifference. A claim of deliberate indifference "is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). As discussed above, a plausible claim of deliberate indifference requires a showing that the

8

plaintiff had a medical condition that poses a substantial risk of serious harm in which the defendant knew or should have known and intentionally, knowingly, or recklessly failed to act or that otherwise his failure to act was "objectively unreasonable." *Short*, 87 F.4th at 611.

The Magistrate Judge correctly noted that "Plaintiff has not alleged facts showing any fire, gas poisoning, or other violation of the fire code that caused him injury or harm to establish a constitutional violation. Plaintiff also has not established a 'causal link' between any constitutional harm he allegedly suffered and indifferent conduct of Shiner." (Dkt. No. 16 at 16). The Magistrate Judge further accurately noted that Plaintiff "has not alleged facts showing that Shiner acted personally in the deprivation of Plaintiff's constitutional rights, and thus the Complaint fails to state a claim against Shiner for individual liability." (*Id*.). Plaintiff's claims asserted against Fire Marshall Shiner do not remotely state a plausible claim.

The Court overrules this objection.

6. <u>Plaintiff's objection to the dismissal of Berkeley County Public Defender Keshia White and Family Court Judge Ernest Jarrett</u>.

The Magistrate Judge recommended the dismissal of the deliberate indifference claim against Federal Public Defender White on the basis that public defenders are not state actors and thus not liable under § 1983. (Dkt. No. 16 at 16-18). The Magistrate Judge recommended the dismissal of the claim against Family Court Judge Jarrett on the basis of judicial immunity. (*Id*. at 18-20). Plaintiff objects to the dismissal of these claims, contending that the analysis of the Magistrate Judge was "overbroad." (Dkt. No. 18 at 5).

Plaintiff alleges that Public Defender White is responsible for defending indigent inmates incarcerated at the Detention Center, including Plaintiff. He alleges she had knowledge of "human

9

trafficking ongoing within Berkeley County" and is indirectly responsible for trial dates. She is sued in her official and individual capacity. (Dkt. No. 12 at 25).

It is well settled that public defenders are not state actors under § 1983 in their performance of traditional functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). The Magistrate Judge correctly found that "Plaintiff has not plausibly show[n] that White exceeded the 'traditional functions of counsel.'" (Dkt. No. 16 at 17). The § 1983 claims against Public Defender White have no merit. The Court overrules the objection.

Plaintiff further objects to the dismissal of Family Court Judge Jarrett who apparently presided over his Family Court proceedings. Plaintiff alleges, with no details, that Judge Jarrett conspired with others and "obstructed justice and violated due process." (Dkt. No. 12 at 25). The Magistrate Judge correctly found that Judge Jarrett is immune from suit as a judicial officer. (Dkt. No. 16 at 18-20). Plaintiff also sued Judge Jarrett in his other suit. The Court dismissed that claim, finding that a collateral attack on a state judicial proceeding and decision was improper under the *Rooker-Feldman* Doctrine. *Hicks v. Berkeley County*, C.A. No. 2:26-111, Dkt. No. 19 at 6.

The Court overrules this objection.

7. <u>Plaintiff objects to the dismissal of his claims for human trafficking and and attempted murder</u>.

Plaintiff alleges Defendants are engaged in "human trafficking," which he defines as the denial of bond to poor inmates and the intentional setting of trial dates years in the future. He alleges the Sheriff's office is responsible for human trafficking because it allegedly targets individuals less fortunate. He also blames the Public Defender's Office for "gross negligence." (Dkt. No. 12 at ¶¶ 90-94). This claim is apparently asserted on behalf of Plaintiff's former fellow inmates at the Detention Center. Plaintiff has no authority to represent other inmates and has no

standing to assert their claims. To the extent Plaintiff suggested in his complaint a challenge to his initial denial of bond by a state judge, such a challenge through a § 1983 action is barred by the *Rooker-Feldman* Doctrine as an improper collateral attack on a state judgment. Further, the allegations of the complaint do not remotely state a plausible claim. The Court overrules this objection.

Plaintiff's allegation of "attempted murder" involves treatment received by Plaintiff when he suffered a seizure while detained at the Detention Center. Plaintiff asserted that the first responders "performed certain violent resuscitation efforts which left Hicks lying for hours on the floor without contacting emergency agencies." (Dkt. No. 12 at 19). Plaintiff does not allege any of the Defendants were involved with what Plaintiff describes as an "attempted murder."

Plaintiff fails to plead a plausible cause of action for attempted murder against any of the Defendants. The Court overrules this objection.

8. <u>Plaintiff's objection for the denial of a second leave to amend</u>.

Plaintiff asserts that it was "legal error" to dismiss his complaint without a second leave to amend. (Dkt. No. 18 at 6). It is well settled that leave to amend may be denied if any amendment would be futile. *Matrix Capital Management Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). Leave to amend should be denied where any amendment would clearly be insufficient on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Plaintiff was provided an opportunity to amend his complaint. The Magistrate Judge carefully compared the original and amended complaints and found that the same Defendants and claims were asserted, and the complaint contained nearly identical allegations. (Dkt. No. 16 at 2-3). The Magistrate Judge noted that one of the few specific changes Plaintiff made in his amended

complaint was that he reduced his demand from $240 million in the original complaint to $150 million in the amended complaint.

As the Magistrate judge ably set forth in his comprehensive 34 page order, the complaint failed to assert a single plausible claim upon which relief can be granted. Under these circumstances, it is well within the discretion of the Court to deny further leave to amend.

The Court overrules this objection.

## IV.    Conclusion

Based on the foregoing, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 16) and **DISMISSES** Plaintiff's federal claims, **DECLINES** to exercise jurisdiction over the state law claims, and **DISMISSES** this action without issuance and service of process and without leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 13, 2026
Charleston, South Carolina